

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00432-CR**

| | | |
|---|---|---|
| Albino Perez Salas | § | From County Criminal Court No. 6 |
| | § | of Tarrant County (1240578) |
| v. | § | January 17, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


ALBINO PEREZ SALAS                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Albino Perez Salas was convicted following a jury trial and sentenced to six months' incarceration for the misdemeanor offense of indecent exposure.  *See* Tex. Penal Code Ann. § 21.08(a) (West 2011).

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief

[1]*See* Tex. R. App. P. 47.4.

and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court gave Appellant the opportunity to file a brief on his own behalf, but he did not do so. The State did not file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 17, 2013